Filed 3/23/22  P. v. Brumfield CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B308605 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA232436) |
| v. | |
| ANTHONY RAY BRUMFIELD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael E. Pastor, Judge.  Affirmed.

Daniel King for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2004, a jury convicted appellant Anthony Brumfield of first degree murder and found true the special circumstance that

the murder was intentional and committed by shooting from a motor vehicle at another person outside the vehicle with the intent to inflict death.  (Pen. Code,[1] §§ 187, subd. (a), 190.2, subd. (a)(21).)  The jury found not true the allegation that appellant used and discharged a firearm and that he acted for the benefit of a gang.  In 2006, we affirmed the conviction on direct appeal.  (*People v. Brumfield* (Nov. 27, 2006, B182910) [nonpub opn.].)

On December 19, 2019, appellant through counsel filed a section 1170.95 petition for resentencing.  He alleged he had been convicted of murder but could not be so convicted today under the statutory changes made by Senate Bill No. 1437.

The trial court denied the petition without issuing an order to show cause.  The court found appellant had failed to show prima facie that he had been convicted under either the felony murder rule or the natural and probable consequences doctrine, the two theories Senate Bill No. 1437 eliminated as bases of liability for murder.

Appellant filed a timely notice of appeal.  We affirm.

---

[1]    Undesignated statutory references are to the Penal Code.

## DISCUSSION

### A. *Factual Background*

These facts are taken from the decision affirming appellant's conviction. The victim was driving a car with three passengers. A gold-colored Blazer drove up alongside the victim's car. The front passenger window of the Blazer rolled down and a man wearing a black top and baseball cap with braces on his teeth extended his arm and pointed a handgun at the car. The victim and his passengers ducked. The man, later identified as petitioner by people in the victim's car, fired several shots, killing the victim. (*People v. Brumfield, supra,* B182910.)

Appellant was ejected from the gold-colored Blazer when the victim's car collided with it. Appellant, who was wearing a black shirt, had difficulty moving; he ultimately fled but was apprehended by police. Two other individuals wearing white t-shirts were seen running away as well. Inside or near the Blazer police recovered two handguns, one of which had fired the bullets found in the victim. A bullet fragment found in the victim's car had been fired from the other handgun. (*People v. Brumfield, supra,* B182910.)

At the hearing on appellant's resentencing petition, appellant agreed the trial court did not instruct the jury on felony murder or natural and probable consequences as theories of liability at trial.

### B. *Senate Bill No. 1437*

Senate Bill No. 1437 (2017–2018 Reg. Sess.), effective January 1, 2019, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a

3

person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Senate Bill No. 1437 (2017–2018 Reg. Sess.) also created section 1170.95 which sets out a procedure by which defendants already convicted of murder under the now-impermissible theory of natural and probable consequences and the now-limited theory of felony murder may seek resentencing if they believe they cannot be re-convicted of murder under current law. (*People v. Gentile, supra*, 10 Cal.5th at p. 843.) The procedure set out in section 1170.95 allows such persons to file a petition for resentencing. Once the court finds the petition has sufficiently alleged eligibility for relief, the court appoints counsel upon request and orders briefing to determine whether a prima facie showing of eligibility can be made. (§ 1170.95, subds. (a) & (b).) If such a showing is made, the court then issues an order requiring the People to show cause why petitioner should not be granted relief. The statute directs the court to set an evidentiary hearing at which the People must prove and the court must find, beyond a reasonable doubt, that petitioner is still guilty of the offense of conviction under current law, that is, without reliance on the felony murder rule or the natural and probable consequences doctrine. (*Id.*, subds. (c) & (d); *People v. Lewis* (2021) 11 Cal.5th 952, 960.)

If the People can show a petitioner is ineligible for relief as a matter of law at the prima facie stage, the court may deny the petition. In making such a finding, the court may rely on the record of conviction. (*People v. Lewis, supra*, 11 Cal.5th at

4

pp. 970–971.)  Ineligibility as a matter of law occurs when a petitioner was not convicted under the felony murder rule or natural and probable consequences doctrine.  (*People v. Daniel* (2020) 57 Cal.App.5th, 666, 677.)  A finding of ineligibility may be based on a legal holding or explanatory statement from a prior appellate opinion concerning the conviction, so long as the trial court does not engage in factfinding based on the prior opinion.  (*People v. Lewis,* at p. 972.)

Before makings its finding here, the trial court stated it reviewed the petition for resentencing; the People's response; petitioner's reply; the People's surreply; the information; the jury instructions; communications to and from the jury; the verdict forms; and the appellate decision.  At the hearing appellant agreed the jury was not instructed on the felony murder rule or the natural and probable consequences doctrine.  Instead, the jury was instructed on liability as a direct principal and as a direct aider and abettor.  After acknowledging appellant's concessions, the trial court specifically rested its denial of the resentencing petition on the fact that appellant was not convicted of felony murder or murder under the natural and probable consequences doctrine.

The trial court can rely on jury instructions, which are part of the record of conviction, in assessing prima facie showings under section 1170.95, subdivision (c).  The jury instructions given at a petitioner's trial may provide readily ascertainable facts from the record that refute a petitioner's showing of eligibility.  Reliance on jury instructions to make the eligibility or entitlement determination may not amount to " 'factfinding involving the weighing of evidence or the exercise of discretion.' "

(*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, disapproved on another ground in *People v. Lewis*, *supra*, 11 Cal.5th 952.)

Here, appellant concedes the jury was not instructed on felony murder or natural and probable consequences. If the jury was not instructed on these doctrines, the jury necessarily found appellant culpable for murder based on his own actions and mental state as a direct aider and abettor of murder or as the actual shooter. (*People v. Soto*, *supra*, 51 Cal.App.5th at p. 1055.) Because section 1170.95 applies only to qualifying defendants convicted of felony murder or murder under a natural and probable consequences theory, appellant is ineligible for resentencing as a matter of law. (*Soto*, at p. 1055.)

As a final note, appellant argues the evidence was insufficient to support his conviction as an aider and abettor because no one else was convicted as the direct perpetrator. Whether the evidence was sufficient to convict appellant as the shooter or as an aider and abettor is immaterial at this point. Appellant was not convicted under a now-impermissible theory of liability because the jury was never told about such theories. He is therefore not eligible for resentencing under section 1170.95.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, Acting P. J.

We concur:


WILEY, J.


HARUTUNIAN, J.*

---

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.